IN THE UNITED STATES DISTRICT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


ROBIN BABOVEC, As Special Administratrix
of the Estate of Casey Babovec, Deceased                    PLAINTIFF

vs.                              NO. 4:13CV0699KGB

DEPUTY AND OFFICERS MIKE RICHARDS
TONYA PARKER, CALVIN REED, SAM
GRIFFIN, DION MCGUIRE, RYAN MCKINLEY,
DAVID FENTON, JAMES PAYNE, NANCY
SHELLNUT, SUPERVISOR LT. COURTNEY,
BRUCE PENNINGTON, JOHN and JANE DOES
I-V, COUNTY OF SALINE                                       DEFENDANTS


## AMENDED COMPLAINT


Comes now the plaintiff, Robin Babovec, as special administratrix of

Estate of Casey Babovec, deceased, by and through her attorneys, James

F. Swindoll and the Law Offices of James F. Swindoll, and for her amended

complaint against the defendants, alleges and states:


Introduction

1.    This case is about the unconstitutional treatment of the

detainees at the Saline County Detention Center (hereinafter known as

"The Detention Center") and the specific treatment that led to the death of

Casey Babovec on April 13, 2011.  As detailed below The Detention Center and the deputies who worked there acted with unreasonable force and also in an unconstitutional manner toward the plaintiff in repeatedly denying him medical treatment, in using excessive force and causing his death.   It further alleges that these acts were part of the official custom and practice at The Detention Center.

2.    Casey Babovec was being detained at The Detention Center following a traffic stop and had been held less than 6 hours when the employees denied him emergency medical care, used unconstitutional force against him and failed to use emergency medical procedures occasioned by the beating and excessive force that had been used against him as alleged herein seek emergency aid as he lay dying at The Detention Center.

3.    After being arrested and detained Casey Babovec began seeking emergency medical care and was unconstitutionally denied such care and was threatened with unconstitutional punishment if he did not stop requesting emergency medical care.

4.    Despite the threats from the Deputies, Casey Babovec continued to seek emergency medical care from the employees at The Detention Center.   In response to his constitutional request, Casey

Babovec was pulled from the cell and beaten, tasered, asphyxiated and restrained, with excessive force until he was dead or dying in violation of his constitutional rights.

5.    He was then separated from the general population and emergency medical needs ignored until he died in further violation of his constitutional right to emergency medical care.  See attached photo Exhibit "A" to the original complaint.

6.    The actions of the employees constitute deliberate indifference to Casey Babovec's safety and known risk of harm or at worst malice designed to harm or kill Casey Babovec.

7.    This complaint further alleges through inadequate supervision and training of The Detention Center's employees or through willful encouragement of violent and reckless behavior The Detention Center the defendants collectively fail to provide and protect the constitutional rights of those persons detained or housed in The Detention Center.  It further alleges that the employees engage in a pattern and practice of denying emergency medical treatment to Casey Babovec and other similarly situated.

8.    It further alleges that because of the circumstances, the death of Casey Babovec was wrongful under Arkansas law and seeks damages as provided by Arkansas law.

Jurisdictional Statement

9.    Plaintiff brings this action pursuant to 42 U.S.C. 1983 and Fourteenth Amendment to the Constitution of the United States Constitution and Arkansas Code Annotation §16-62-102 governing wrongful deaths in Arkansas.

10.    Subject matter jurisdiction is proper in this court pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343 and U.S.C. §1367(a).   This court has supplemental jurisdiction over plaintiff's state law claims for wrongful death pursuant to 28 U.S.C. §1367(a) as the claims form part of the same controversy as the 42 U.S.C. §1983 claim.

11.    Venue is proper in this court pursuant to 42 U.S.C. §1391(b) as the acts complained of occurred in Saline County, Arkansas.   A county situated in the Western Division of the Eastern District of Arkansas.

Parties

12.    Robin Babovec is the duly appointed special administratrix of the Estate of Casey Babovec who died while in custody in Saline County Arkansas on April 13, 2011. At all times relevant hereto Casey Babovec was a resident and citizen of Saline County, Arkansas.

13.    **Mike Richards** is a resident of Saline County and an employee of the Saline County Detention Center at the time of unlawful, unconstitutional and lethal acts against Casey Babovec on April 13, 2011, (hereinafter known as part of "The Deputies").

14.    **Dion McGuire** is a resident of Saline County and an employee of the Saline County Detention Center at the time of unlawful, unconstitutional and lethal acts against Casey Babovec on April 13, 2011, (hereinafter known as part of "The Deputies").

15.    **Ryan McKinney** is a resident of Saline County and an employee of the Saline County Detention Center at the time of unlawful, unconstitutional and lethal acts against Casey Babovec on April 13, 2011, (hereinafter known as part of "The Deputies").

16.    **Calvin Reed** is a resident of Saline County and an employee of the Saline County Detention Center at the time of unlawful, unconstitutional and lethal acts against Casey Babovec on April 13, 2011, (hereinafter known as part of "The Deputies").

17.    **Tonya Parker** is a resident of Saline County and an employee of the Saline County Detention Center at the time of unlawful, unconstitutional and lethal acts against Casey Babovec on April 13, 2011, (hereinafter known as part of "The Deputies").

18.    **Sam Griffin** is a resident of Saline County and an employee of the Saline County Detention Center at the time of unlawful, unconstitutional and lethal acts against Casey Babovec on April 13, 2011(hereinafter known as part of "The Deputies").

19.    **Nancy Shellnut** is a resident of Saline County and an employee of the Saline County Detention Center at the time of unlawful, unconstitutional and lethal acts against Casey Babovec on April 13, 2011, (hereinafter known as part of "The Deputies").

20.    **David Fenton** is a resident of Saline County and an employee of the Saline County Detention Center at the time of unlawful, unconstitutional and lethal acts against Casey Babovec on April 13, 2011, (hereinafter known as part of "The Deputies").

21.    **James Payne** is a resident of Saline County and an employee of the Saline County Detention Center at the time of unlawful, unconstitutional and lethal acts against Casey Babovec on April 13, 2011, (hereinafter known as part of "The Deputies").

22.   **Bruce Pennington** was the Sheriff of Saline County and was responsible for the promulgation and administration of the policies and practices of the detention center and for the training and supervision of The Deputies of the detention center.  Sheriff Pennington is a resident of Saline County and was a managerial employee of the Saline County Detention Center at the time of unlawful, unconstitutional and lethal acts against Casey Babovec on April 13, 2011.

23.   Defendant Saline County is an Arkansas County and is responsible for policies and procedures and practices implemented its various agencies including The Detention Center and is responsible for the acts and omission of its employees, The Deputies herein, through the doctrine of respondeat superior.

24.   John and Jane Doe's I-V are deputies as yet unknown and other employees of The Detention Center who participated in and acted against Casey Babovec and caused his death on April 13, 2011.

Facts and Allegations

25.   On April 13, 2011, Casey Babovec was arrested during a traffic stop and detained and placed into the custody as a detainee of The Detention Center until his death later that day.

26.    That each Deputy on duty including Ryan McKinney, Calvin Reed, Tonya Parker, Sam Griffin, Nancy Shellnut, David Fenton, James Payne, Mike Richards, Dion McGuire, and John and Jane Does I-V, had a Constitutional duty to the detainees, including Casey Babovec, to provide access to emergency medical care, to only use such force as was reasonable and necessary, and to protect detainees from the use of excessive force.

27.    That during his detention Casey Babovec requested emergency medical treatment on numerous occasions, claimed to be having a heart attack and displayed classic symptoms of a heart attack which demonstrated an objectively serious medical need for emergency medical care.

28.    That The Deputies, Ryan McKinney, Calvin Reed, Tonya Parker, Sam Griffin, Nancy Shellnut, David Fenton, James Payne, Mike Richards, Dion McGuire, and John and Jane Does I-V, showed a deliberate indifference to Casey Babovec's need for emergency medical care when they chose to deny his request for emergency medical care even though they had actual knowledge of his requests for emergency medical care and observed the objective signs that he needed emergency medical care.

29.    At all times before his death The Deputies who held Casey Babovec were aware that Casey Babovec was requesting medical care for a condition that they knew was becoming more and more severe and which presented a life threatening danger and despite their knowledge chose to withhold emergency medical care.   This practice was standard at The Detention Center.

30.    That upon requesting such care, Casey Babovec was not only denied such care but also threatened by The Deputies with punishment if he continued to request such care.

31.    That Casey Babovec was involved in a physical confrontation with another detainee.   That when The Deputies removed Casey Babovec from his cell, they physically punished him for his constant requests for emergency medical care under the guise of subduing him for "resisting."

32.    Attached photo, Exhibit "B" to the original complaint, shows that Deputies Ryan McKinney, Calvin Reed, Tonya Parker, Sam Griffin, Nancy Shellnut, David Fenton, James Payne, Mike Richards, Dion McGuire, and John Does I-V participated in the subdual of Casey Babovec.   That The Deputies used force beyond that which was necessary to administer administrative interests in the safety or security of The Detention Center. The amount of force used was not objectively reasonable and amounted to

punishment for not obeying their requests.  That The Deputies continued to use force against Casey Babovec after he was restrained and subdued. That while Casey Babovec was restrained face-down on the floor, The Deputies acted collectively and with malice to severely beat him, illegally Taser him, sit on him, suffocate him, severely injure him, render him unconscious, and ultimately kill him, as shown in Exhibit "B" attached to the original complaint.  The Deputies actions constituted excessive force and the imposition of cruel and unusual punishment.

33.    That Deputies Ryan McKinney, Calvin Reed, Tonya Parker, Sam Griffin, Nancy Shellnut, David Fenton, James Payne, Mike Richards, Dion McGuire and John and Jane Does I-V used improper and illegal Tasing techniques by untrained persons no authorized to use it on Casey Babovec, the use of which constituted excessive force.

34.    That Deputies Ryan McKinney, Calvin Reed, Tonya Parker, Sam Griffin, Nancy Shellnut, David Fenton, James Payne, Mike Richards, Dion McGuire and John and Jane Does I-V failed to intervene to stop the use of excessive force against Casey Babovec when he was subdued and restrained on The Detention Center's floor.

35.    That following the injury or death, as aforesaid, The Deputies purposely segregated Casey Babovec from the general population of the

jail by pulling his unconscious body to a separate holding cell, hitting him again (see Exhibit "C" attached to the original complaint) and leaving him alone, unconscious, in severe need of emergency care (see Exhibit "A" attached to the original complaint).  That The Deputies Ryan McKinney, Calvin Reed, Tonya Parker, Sam Griffin, Nancy Shellnut, David Fenton, James Payne, Mike Richards, Dion McGuire, and John and Jane Does I-V, observed that Casey Babovec was rendered unconscious after their use of force on him and his need for medical care at this point was so obvious that even a layperson would easily recognize the necessity of a doctor's attention.  That The Deputies knew of Casey Babovec's obvious need for emergency medical care prior to and after their use of excessive force against his person.  That deputies displayed deliberate indifference to Casey Babovec's emergency medical needs when they chose deny him access to emergency medical care by leaving him alone, unconscious and in need of medical care, despite their knowledge of his need for such care. That their actions allowed Casey Babovec to die through their denial of emergency medical care that was obviously needed under the circumstances to save his life.

36.   That emergency medical care was further delayed by the inadequate and lack of training provided to The Deputies.  None of The

Deputies involved properly demonstrated the basic first-aid technique CPR, which would have been medically necessary to save Casey Babovec's life.

37.    That following Casey Babovec's death, the defendants conspired between themselves, under the guidance of the supervising official for The Detention Center, to misrepresent the facts and circumstances involving the death of Casey Babovec so as to avoid accountability for their actions.    This practice was standard at The Detention Center.

38.    That for all times relevant before April 11, 2011, and since the Sheriff, Deputies, employees and Saline County have acted in unison to use excessive and unconstitutional force against the detainees, including Casey Babovec, at The Detention Center and have encouraged The Deputies to act illegally and under color of law, and jail pattern and practice to physically beat and harm the detainees of the facility.

39.    The County of Saline and Sheriff Pennington had a duty to implement an effective policy to train Sheriff's Deputies and The Detention Center's personnel in the use of reasonable force used against detainees. Both knew that The Deputies would be in situations where force was necessary to administer necessities of The Detention Center.  Both knew or should have known, based on the number of excessive force cases being

filed against both, that constitutional rights of detainees were being violated by The Deputies.  Both chose not to modify or enforce policies regarding the constitutional use of force against detainees, thus approving the pattern and practice of using excessive force against detainees.  Both had an independent duty to monitor or supervise the actions of The Deputies to ensure that they adhered to The Detention Center's policies and consciously did not set or enforce policies that would have supported the refusal of medical care or excessive force displayed against Casey Babovec on April 13, 2011.

40.   The County of Saline and Sheriff Pennington, despite notice, continually failed to provide proper training and failed to promulgate and effect policy regarding the use of reasonable force against detainees held in The Detention Center.  They each failed to supervise or monitor the force being used at The Detention Center when it became or should have become obvious that the detainees, such as Casey Babovec, were being unconstitutionally abused and denied their rights.  That they condoned the custom and practice of The Deputies using punitive and excessive force on detainees when they failed to act after being notified that unconstitutional and excessive force to be used against detainees in The Detention Center.

41.    The County of Saline and Sheriff Pennington, at all times relevant, knew that they were and are responsible for the customs and policies practiced by personnel of The Detention Center and had an independent duty to effectively monitor and supervise the use of force being used by The Deputies on detainees in custody or being detained. They deliberately ignored that duty which was a cause of the actions taken against Casey Babovec in his death on April 13, 2011.

42.    Defendants the County of Saline and Sheriff Pennington knew of their constitutional duties to hire, train, discipline and supervise officers in a manner consistent with the United States Constitution and to implement policies, practice and procedures to ensure that The Deputies executed their duties in a constitutionally permissible manner and in the use of the Tasers.    Both knew that The Deputies would have to use force to administer interests in safety, security or efficiency in The Detention Center.  Both knew of the deadly potential of Tasers when used improperly. Both knew of the need to train The Deputies as to the proper use of Tasers as a form of force to administer interests of The Detention Center.   That The Deputies were not trained as to the proper use of a Taser or the reasonable use of force on detainees.  The need to train The Deputies armed with Tasers as to the correct and proper usage of Tasers was so

obvious that the failure to do so was an act of deliberate indifference to the constitutional rights of those persons detained in The Detention Center. That Sheriff Pennington and the County of Saline's deliberate indifference to their responsibility to train The Deputies on the use of reasonable force and Tasers was a cause of the unconstitutional use of a Taser by untrained Deputies that resulted in the death of Casey Babovec.

43.    Defendants the County of Saline, Sheriff Pennington, and each of The Deputies knew that their acts, omissions and policies regarding treatment of detainees at The Detention Center were resulting in the systematic use of excessive force against detainees and a deliberate indifference to the emergency medical needs of detainees and detainees, such as Casey Babovec.   Defendants chose not to modify training or policy, even though they knew that these unconstitutional practices were being used systematically against detainees, and that the practices created a risk of death or serious bodily injury to detainees.   That they condoned the custom and practice of The Deputies using punitive and excessive force on detainees when they failed to act after being notified that unconstitutional and excessive force to be used against detainees in The Detention Center.   That they condoned the custom and practice of The Deputies denying emergency medical care to detainees when they failed to

act after being notified that detainees were being denied emergency medical care while in the custody of The Detention Center.

44.    That the aforesaid deficiencies and failure to act have created an atmosphere of terror and torture at The Detention Center and caused many detainees to be deprived of their constitutional rights and to endure beatings and injuries inflicted by The Deputies and employees of The Detention Center as hereinafter alleged.

Causes of Action

## Count I

### Violation of 42 U.S.C. § 1983, and Amendment XIV of the Constitution of the United States- Excessive Force Against Defendant County of Saline, and Defendants John and Jane Does I-V and Bruce Pennington in their Individual and Official Capacities

45.    Plaintiff restates and reasserts each of the allegations contained in paragraphs 1-44.

46.    That as a detainee in The Detention Center on April 13, 2011, Casey Babovec was entitled to the rights of all citizens of the United States and as such was further entitled to emergency medical care and protection from The Deputies and employees of The Detention Center including, but not limited to, protection from excessive force during the time he was being

detained under the circumstances on April 13, 2011, and being provided emergency medical care.   These were rights guaranteed under the Fourteenth Amendment of the Constitution of the Unites States.

47.   That despite his constitutional rights The Deputies named herein, with the approval of Sheriff Pennington and the County of Saline beat and abused Casey Babovec using disproportional and excessive force to cause physical injury and death and then acting in concert, denied him essential emergency medical care until he died as herein after alleged.

48.   Defendants The Deputies and John and Jane Does I-V acted in their individual and official capacities, in that all of them, Bruce Pennington and County of Saline were aware of and promoted a custom and culture of malevolence toward detainees by encouraging brutality by deputies and other employees and refusal to provide obviously needed medical care against detainees.

49.   Defendants the County of Saline and Bruce Pennington continued failure to provide proper training and promulgate an effective policy regarding emergency medical care and the use of reasonable force against detainees held in The Detention Center caused The Deputies and Defendants John and Jane Does I-V to engage in use of excessive force due to a lack of training and guidance in the reasonable amount of force to

be used against a detainee.  The failures then further created a policy that caused the defendants to actively prevent Casey Babovec from receiving obviously needed emergency medical care which he needed under the circumstances.  These actions were standard policy taken to avoid accountability for their acts against this detainee and others detainees of The Detention Center.

50.   Defendants wanton aggression and intentional failure to provide emergency care under the circumstances known to be injurious to plaintiff qualifies as cruel and unusual punishment and, as such, is prohibited by the Fourteenth Amendment and of the Constitution of the United States.

51.   Plaintiff is entitled to actual damages pursuant to 42 U.S.C. § 1983 and the wrongful death statutes of Arkansas, A.S.A. § 16-62-102 and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.  Plaintiff is entitled to punitive damages against The Deputies named herein, defendants John and Jane Does I-V and Bruce Pennington pursuant to 42 U.S.C. § 1983 because defendants acted in their official and individual capacities, and in concert and with malice or with reckless disregard from which malice can be inferred against Casey Babovec on April 13, 2011. The County of Saline and Bruce Pennington failed to provide proper training and promulgate an effect policy regarding the use of reasonable

force against detainees held in The Detention Center after having been put on notice that detainee's rights to be free from the use of unreasonable force were being violated.  In refusing to protect Casey Babovec from The Deputies in charge of him during his detention and then intentionally failing to provide emergency medical treatment until he died Defendants subjected Casey Babovec to cruel and unusual punishment prohibited by Amendment XIV of the Constitution of the United States.

### Count II

Violation of Ark. Code Ann. § 16-62-102 , the Constitution of the State of Arkansas, Article 2, § 9- Excessive Force Against Defendant County of Saline, The Deputies and Defendants John and Jane Does I-V and Bruce Pennington in their Individual and Official Capacities

52.    Plaintiff restates and reasserts each of the allegations contained in paragraphs 1-51.

53.    That as a detainee in The Detention Center on April 13, 2011, Casey Babovec was entitled to the rights of all citizens of the Saline County, Arkansas and was further entitled to medical care and protection from The Deputies and employees of The Detention Center including, but not limited to, protection from excessive force and a constitutional requirement to provide him with emergency medical care that would have

been required to save him from death.  This was a right guaranteed under the Constitution of the State of Arkansas; Ark. Const. Art., 2, § 9 (2012).

54.    That despite his constitutional rights The Deputies named herein, with the approval of the Sheriff of Saline County beat and abused Casey Babovec using disproportional and excessive force under the circumstances to cause physical injury and death as alleged herein.  The defendants intentionally failed to provide him emergency medical care under the circumstances.

55.    The Deputies named herein and defendants John and Jane Does I-V acted in their individual and official capacities, as did Bruce Pennington and County of Saline.  They were aware of and acted collectively to promote a custom and culture of malevolence towards detainees by encouraging brutality against detainees, by not reporting The Deputies who do, and then denying the emergency medical care the detainees required to avoid accountability or to hide their unconstitutional acts.

56.    Defendants John and Jane Does I-V, Saline County, and Bruce Pennington's failure to supervise and provide proper training and to promulgate an effective policy regarding the use of reasonable force against detainees held in The Detention Center, after being put on notice

that the unreasonable force was being used against detainees, caused The Deputies and defendants John and Jane Does I-V to engage in the use of excessive force due to lack of training and guidance in the reasonable amount of force to be used against a detainee.

57.    Plaintiff is entitled to actual damages pursuant to Ark. Code Ann. § 16-123-105, A.S.A. § 16-62-102 and reasonable attorney's fees and costs pursuant to Ark. Code Ann. § 16-123-105.

58.    Plaintiff is entitled to punitive damages against The Deputies, defendants John and Jane Does I-V and Bruce Pennington pursuant to Ark. Code Ann. § 16-123-105 and A.S.A. § 16-62-102 because defendants, in their individual and official capacities, acted with malice or with reckless disregard from which malice can be inferred.

## Count III

### Violation of Ark. Code Ann. § 16-123-105,A.S.A. 16-62-102 and the Constitution of the State of Arkansas, Article 2, § 9- Denial of Medical Care against Defendant County of Saline and Defendants and in their Individual and Official Capacities, and Defendant Pennington in his Individual and Official Capacities

59.    Plaintiff restates and reasserts each of the allegations contained in paragraphs 1-58.

60.    That at all times relevant hereto the defendants collectively were aware of Casey Babovec' s need for emergency medical care before

and after they beat him.  They were objectively aware that the failure to provide that care would result in his endangerment or death.

61.   That despite their awareness The Deputies and Sherriff acting for the County of Saline intentionally denied him such care and further actively prevented him from seeking such care and caused his death as herein after alleged in violation of his constitutional rights provided a detainee under the Arkansas Constitution (2012).

## COUNT IV

Violation of 42 U.S.C. § 1983, and Amendment XIV of the Constitution of the United States- Denial of Medical Care against Defendant County of Saline and Defendants and in their Individual and Official Capacities, and Defendant Pennington in his Individual and Official Capacities

62.   Plaintiff restates and reasserts each of the allegations contained in paragraphs 1-61.

63.   That at all times relevant hereto the defendants collectively were aware of Casey Babovec' s need for emergency medical care before and after they beat him.  They were objectively aware that the failure to provide that care would result in his endangerment or death.

64.   That despite their awareness The Deputies and Sherriff acting for the County of Saline intentionally denied him such care and further actively prevented him from seeking such care and caused his death as

herein after alleged in violation of his constitutional rights provided a detainee under the Arkansas Constitution (2012).

## Count V

## <u>DAMAGES FOR WRONGFUL DEATH</u>

65.    Plaintiff restates and reasserts each of the allegations contained in paragraphs 1-64.

66.    That as a direct and proximate result of the collective acts and omissions as aforesaid Casey Babovec died on April 13, 2011, while in custody at The Detention Center.  Casey Babovec's death was the result of wrongful and unconstitutional acts and omissions by the defendants, as alleged herein and were the proximate cause of his death.

67.    That as a direct and proximate result of the wrongful death of Casey Babovec, Robin Babovec, as special administratrix, claims damages and prays for an amount in excess of the minimum federal jurisdictional limits which at this time are Seventy Five Thousand Dollars, $75,000.00, exclusive of interest and cost.  Such injuries and damages include but are not limited to:

a.    for the loss of life of Casey Babovec;

b.    for the funeral expenses of Casey Babovec;

c.      for the conscious pain, suffering and mental anguish of Casey Babovec prior to his death on April 13, 2011;

d.      for medical expenses attributed to the fatal injury of Casey Babovec;

e.      for the mental anguish and grief of Jaci Starlynn Hedrick, wife of Casey Babovec;

f.      for the mental anguish and grief of Robin Babovec, mother of Casey Babovec;

g.      for the mental anguish and grief of Johnny Babovec, father of Casey Babovec;

h.      for the mental anguish and grief of Cheyenne Marie Babovec and Kelli Coffey, sisters of Casey Babovec; and

i.      for the mental anguish and grief of John Allen Babovec, Michael Babovec and Steven Babovec, brothers of Casey Babovec.

## Count VI

### Punitive Damages

68.    That the acts of the defendants The Deputies and Sheriff Pennington were intentional or in reckless disregard of the rights of Casey Babovec from which malice may be inferred and plaintiff seeks punitive

damages in excess of $75,000.00 from defendants to punish them for their acts and to deter other deputies and officials from similar conduct.

## Count VII

<u>Jury Trial</u>

69.    Plaintiff prays for a trial by jury.

**WHEREFORE**, the plaintiff prays for a judgment of and against the defendants for compensatory damages for a sum in excess of $75,000.00; for punitive damages in excess of $75,000.00; for a trial by jury and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiff
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. George D. Ellis
**Ellis Law Firm**
Attorneys at Law
Post Office Box 2307
Benton, Arkansas  72018-2307

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiff
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com