IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBIN BABOVEC, As Special Administratrix
of the Estate of Casey Babovec, Deceased                                    PLAINTIFF

VS.                                       NO. 4:13cv0699-KGB

DEPUTY AND OFFICERS MIKE RICHARDS,
TONYA PARKER, CALVIN REED, SAM
GRIFFIN, DION McGUIRE, RYAN McKINLEY,
DAVID FENTON, JAMES PAYNE, NANCY
SHELLNUT, SUPERVISOR LT. COURTNEY,
BRUCE PENNINGTON, JOHN and JANE DOES
I-V, COUNTY OF SALINE                                                       DEFENDANTS

## ANSWER TO AMENDED COMPLAINT

Come Defendants, and for their Answer to Amended Complaint, state:

1. Defendants deny the allegations of paragraph 1.

2.. Defendants deny the allegations of paragraph 2.

3. Defendants deny the allegations of paragraph 3.

4. Defendants deny the allegations of paragraph 4.

5. Defendants deny the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

9. Defendants admit that 42 U.S.C. § 1983 is properly invoked, but deny the remaining allegations of paragraph 9.

10. Defendants admit that this court has subject-matter jurisdiction of this claim, and that the court also may elect to exercise supplemental jurisdiction with regard to the state claims.

11. Defendants admit that venue is proper.

12. Defendants do not have sufficient knowledge to either admit or deny the allegations of paragraph 12, so must necessarily deny those allegations.

13. Defendants admit only that Mike Richards is a citizen and resident of Saline County, Arkansas and that he is an employee of the Saline County Sheriff's Office. Defendants deny the remaining allegations of paragraph 13.

14. Defendants admit only that Dion McGuire is a citizen and resident of Saline County, Arkansas and that he is an employee of the Saline County Sheriff's Office. Defendants deny the remaining allegations of paragraph 14.

15. Defendants admit only that Ryan McKinney (misidentified in the style as "McKinley")was a citizen and resident of Saline County, Arkansas and that he was an employee of the Saline County Sheriff's Office art the time of the alleged occurrence. Defendants deny the remaining allegations of paragraph 15.

16 Defendants admit only that Calvin Reed was a citizen and resident of Saline County, Arkansas and that he was an employee of the Saline County Sheriff's Office at the time of the alleged occurrence. Defendants deny the remaining allegations of paragraph 16.

17. Defendants admit only that Tonya Parker is a citizen and resident of Saline County, Arkansas and that she is an employee of the Saline County Sheriff's Office. Defendants deny the remaining allegations of paragraph 17.

18. Defendants admit only that Sam Griffin is a citizen and resident of Saline County, Arkansas and that he is an employee of the Saline County Sheriff's Office. Defendants deny the remaining allegations of paragraph 18.

19. Defendants admit only that Nancy Shellnut is a citizen and resident of Saline County,

Arkansas and that she is an employee of the Saline County Sheriff's Office. Defendants deny the remaining allegations of paragraph 19.

20. Defendants admit only that David Fenton is a citizen and resident of Saline County, Arkansas and that he is an employee of the Saline County Sheriff's Office. Defendants deny the remaining allegations of paragraph 20.

21. Defendants admit only that James Payne is a citizen and resident of Saline County, Arkansas and that he is an employee of the Saline County Sheriff's Office. Defendants deny the remaining allegations of paragraph 14.

22. Defendants deny that unlawful, unconstitutional, or lethal acts were committed against Plaintiff on April 13, 2011, or at any other time, but they admit the remaining allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23, and state that respondeat superior is not applicable to actions brought under 42 U.S.C. § 1983.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Paragraph 45 does not require a response.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Paragraph 52 does not require a response.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Paragraph 59 does not require a response.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Paragraph 62 does not require a response.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Paragraph 65 does not require a response.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67, including subparagaphs a through I.

68. Defendants deny the allegations of paragraph 68.

69. Defendants also demand trial by jury for all issues so triable.

70. Defendants deny each and every material allegation of fact which is not specifically admitted in this Answer to Amended Complaint.

## **Affirmative Defenses**

71. The Complaint does not state a claim upon which relief can be granted, or alternatively, the Complaint does not make plausible allegations of fact within the meaning of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

72. This action is barred, in whole or in part, by the applicable statute of limitations.

73. This action is barred by the doctrines of estoppel, statutory immunity, federal and state sovereign immunity, and qualified immunity.

74. The direct and proximate cause of injury, damages, and ultimately, death, of Plaintiff's decedent was the conduct of Plaintiff's decedent or conduct of persons other than these defendants.

75. Plaintiff is not entitled to punitive damages. Alternatively, any award of punitive damages in this case will violate the Due Process Clause, should such an award be in excess of the ratio to compensatory damages as most recently held by the Supreme Court of the United States.

WHEREFORE, Defendants pray that Plaintiff's Amended Complaint be dismissed; for costs, including attorney's fees; and for all other proper relief.

/s/George D. Ellis
GEORGE D. ELLIS (ARK. BAR NO. 72035)
Ellis Law Firm, P.A.
Attorney for Defendants
126 North Main Street
Benton, Arkansas 72015
501-315-1000
501-315-4222 fax
gellisinbenton@swbell.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/George D. Ellis
GEORGE D. ELLIS

6