IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBIN BABOVEC, As Special Administratrix
of the Estate of Casey Babovec, Deceased                                     PLAINTIFF

VS.                              NO. 4:13cv0699-KGB

DEPUTY AND OFFICERS MIKE RICHARDS,
TONYA PARKER, CALVIN REED, SAM
GRIFFIN, DION McGUIRE, RYAN McKINLEY,
DAVID FENTON, JAMES PAYNE, NANCY
SHELLNUT, BRUCE PENNINGTON, JOHN
and JANE DOES I-V, COUNTY OF SALINE                                          DEFENDANTS

## DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Pursuant to the requirements of Local Rule 56.1 (a), Defendants do hereby submit the following as undisputed facts:

1. On April 13, 2011, Casey Babovec was arrested on an outstanding warrant and transported to the Saline County Detention Center (SCDC). *Amended Complaint [doc.#10], paragraph 25*.

2. At some point at the time of arrest, in an apparent effort not to get caught in possession of a controlled substance, Babovec was able to consume two plastic packets of methamphetamine. *Exhibit C, Report of the Medical Examiner (hereafter Medical Examiner), p. 7.*

3. By the time he had arrived at the jail, Babovec had urinated on himself and may also have defecated, so he was taken to the shower area of the jail to change into clean pants. *Exhibit D, Deposition of Dion McGuire (hereafter McGuire depo.), p. 12.*

4. Thereafter, Babovec was taken to Cell 1 to await booking. *Exhibit D, McGuire depo., p.13.*

5. Ten to twelve detainees also were in Cell 1 awaiting booking. Upon entering the cell, Babovec approached a large African American male and struck him in the head. A fight between the

two detainees broke out. *Exhibit A, DVD of Jail Security Surveillance (hereafter Video)*; *Exhibit D, McGuire depo., p. 54.*

6. Deputies immediately broke up the fight and removed Babovec from Cell 1 for his own safety. *Exhibit A, Video; Exhibit D, McGuire depo., p. 55.*

7. Deputies tried to handcuff Babovec, but he resisted, and a number of other deputies came to the booking area and wrestled Babovec to the floor in an effort to handcuff him. *Exhibit E, Deposition of Lieutenant Michael Richards (hereafter Richards depo.) p. 8; Exhibit I, Affidavit of Tonya Parker, "Officer Report" (hereafter Parker Officer Report).*

8. During the scuffle, Babovec bit jailer McGuire on the arm. Also, Jailer Shelnutt sustained an injury. *Exhibit D, McGuire depo., p. 33; Exhibit E, Richards depo., pp. 12, 15.*

9. During the scuffle, Babovec was Tased at least two times. *Exhibit F, Responses to First Set of Interrogatories and Requests for Production Propounded to Defendant Calvin Reed (hereafter Reed's discovery responses), No. 12.*

10. After Babovec was cuffed, he was taken to Cell 5, and within a couple of minutes, Jailer Tonya Parker determined that Babovec was not breathing. *Exhibit E, Richards depo., p. 15; Exhibit I, Parker Officer Report.*

11. Tonya Parker and Calvin Reed, with help from others, administered CPR and hooked Babovec to a defibrillator until first responders and paramedics arrived. *Exhibit E, Richards depo., pp. 15-16; Exhibit I, Parker Officer Report; Exhibit F, Reed's discovery responses, No. 16.*

12. The Deputy Medical Examiner's autopsy revealed that the two plastic packets had ruptured in Babovec's stomach. *Exhibit C, Medical Examiner, page 7.*

13. The Deputy Medical Examiner who conducted the autopsy concluded that the cause of

death was methamphetamine intoxication, and that contributing factors were struggle, restraint and exertion. *Exhibit C, Medical Examiner, p. 7.*

14. The Saline County Detention Center (hereafter SCDC) staff was justified in using force to cuff Babovec. *Exhibit E, Richards depo., page 11.*

15. Babovec was violent and cuffs were necessary for the safety of other detainees and the SCDC staff. *Exhibit E, Richards depo., p. 11.*

16. At no time did any jailer administer punishment or discipline to Babovec, but instead, made a concerted effort to save his life. *Exhibit F, Reed's discovery responses, No. 12.*

17. When he was brought into the SCDC, Babovec did not appear to be in a condition of distress. *Exhibit D, McGuire depo., page 11.*

18. When he was brought into the SCDC, Babovec was not unsteady on his feet and his speech was not slurred. *Exhibit D, McGuire depo., p. 11; Exhibit I, Parker Officer Report. Exhibit A, Video.*

19. When he was brought into the SCDC, Babovec's breathing was not labored, he was not unsteady, and his disposition was pleasant. *Exhibit G, Responses to First Set of Interrogatories and Requests for Production Propounded to Defendant Ryan McKinley* (whose name is actually McKinney), *No. 11.*

20. At no time did Babovec appear to be suffering from a serious medical need so obvious that a lay person would recognize the necessity for a doctor's attention. *Exhibit D, McGuire depo., p. 11.*

21. Former Sheriff Bruce Pennington has absolutely no first-hand knowledge of the facts and circumstances of the death of Babovec, and did not, in his official capacity, implement policies or

practices which violated the constitutional rights of Babovec. *Exhibit B, Depositions of Bruce Pennington.*

/s/George D. Ellis
GEORGE D. ELLIS (Ark. Bar No. 72035)
Attorney for Defendants
Ellis Law Firm, P.A.
126 North Main Street
Benton, Arkansas 72015
(501) 315-1000 (telephone)
(501) 315-4222 (fax)
*gellisinbenton@swbell.net*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of December, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties in interest.

/s/George D. Ellis
GEORGE D. ELLIS