IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBIN BABOVEC, As Special Administratrix                                              PLAINTIFF
of the Estate of Casey Babovec, Deceased

vs.                                  NO. 4:13CV0699KGB

DEPUTY AND OFFICERS MIKE RICHARDS
TONYA PARKER, CALVIN REED, SAM
GRIFFIN, DION MCGUIRE, RYAN McINLEY,
DAVID FENTON, JAMES PAYNE, NANCY
SHELLNUT, SUPERVISOR LT. COURTNEY,
BRUCE PENNINGTON, JOHN and JANE DOES
I-V, COUNTY OF SALINE                                                                  DEFENDANTS

**RESPONSES TO FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT TONYA PARKER**

For her responses, Defendant Tonya Parker states:

**INTERROGATORY NO. 1:**   Please state your full name; physical address; marital status; date of birth; and place of birth.

RESPONSE: Tonya Mae Parker, married, born 10-6-62, Phoenix, Arizona; address c/o the undersigned.

**INTERROGATORY NO. 2:**   Please state your employment history for the last ten (10) years, specifically identifying each position held, location of employment, length of employment, and reason for termination of each employment.

RESPONSE: Last approximately five years Saline County Detention Center. Six years before that, Dr. Clay Wellborn, Little Rock. Surgical Coordinator.

**INTERROGATORY NO. 3:**   Please state the trainings you have attended in regards to the use of force on detainees, specifying the name and date of the training, place of training, and agency conducting said training.

RESPONSE: Three Taser training sessions. Arkansas Jail Standards. Do not remember dates.

**INTERROGATORY NO. 4:**   Please state the trainings you have attended in regards to the use of a Taser, whether on detainees or inmates, specifying the name and date of

the training, place of training, and agency conducting said training.

RESPONSE: see above

**INTERROGATORY NO. 5:** Please state the trainings you have attended in regards to identifying the need for or providing medical care to detainees or inmates, specifying the name and date of the training, place of training, and agency conducting said training.

RESPONSE: CPR and First-responder certified, last renewed approximately one year ago.

**INTERROGATORY NO. 6:** Please state whether there have been any investigations, in any state whether performed by internal or external agency, as to your actions or use of force against any other detainee or inmate, and if the answer is in the affirmative include the names of the agency performing each investigation, describe in detail each situation which required investigation, and the outcome of each investigation.

RESPONSE: none

**INTERROGATORY NO. 7:** If you have ever been named as a defendant in any suit which charged you, individually or in any official capacity, with the use of excessive force please identify the Plaintiff, the case by title, the court or other forum, the docket reference, the name of your attorney, the nature of the claim, and the disposition.

RESPONSE: no

**REQUEST FOR PRODUCTION NO. 1:** Please produce copies of any complaints filed against you as referenced in the above interrogatory.

RESPONSE: not applicable

**INTERROGATORY NO. 8:** Please state the name and address of each person known or reasonably felt by you, your attorneys, or other representative, who:

(a) Was an eyewitness to the incident described in the Complaint herein;

(b) Was not an eyewitness but has knowledge of some of the facts or circumstances upon which the allegations of negligence contained in the Complaint are based;

(c) Has knowledge of some of the facts or circumstances upon which the allegations

of damages contained in the Complaint are based;

(d)     Has possession or control of any photograph or any other demonstrative evidence relating to the facts in this case, and if so, state the subject, object or area represented in each photograph or such demonstrative evidence, and the name of the person who took such photograph or prepared said evidence, and the date or dates of same.

RESPONSE: Plaintiff has every statement of every person even remotely associated with the event which is the subject of this litigation.

**INTERROGATORY NO. 9:**     Please provide the name and address of each expert witness whom you or your attorneys may call to testify at the trial of this case, and for each expert witness, please state:

(a)     his or her specialty,

(b)     the subject matter on which the expert is expected to testify,

(c)     the substance of the facts and opinions to which the expert is expected to testify, and

(d)     a summary of the grounds for each opinion.

RESPONSE: none at this time

**REQUEST FOR PRODUCTION NO. 2:**     You are requested to produce the following materials with respect to each expert witness you may call at the trial of this case:

(a)     a copy of the witness' most recent curriculum vitae,

(b)     a complete list of all books, texts, treatises, articles, statutes, rules, regulations, guidelines or any other material which has been or may be referred to or relied upon by any expert witness in forming or explaining his or her opinions in connection with this case, together with citations to specific passages or sections relied upon,

(c)     a list of any computer programs, spreadsheets, analytical programs, statistical programs or any other computer-based tool utilized by any expert witness in any manner with regard to his opinions in this case,

3

(d) copies of each spreadsheet, program, algorithm, statistical model, macro program, or other computer-based files created by or at the direction of any expert witness which has been utilized in any manner regarding his or her opinions in this case,

(e) copies of any and all reports, correspondence, notes, documents, writings, diagrams, charts, records, photographs, video or audio recordings of any type, computer files, e-mails or tangible items of any kind that have been supplied to any expert witness by plaintiff, attorneys for plaintiff, or any representative of the plaintiff or plaintiff's attorneys,

(f) copies of any and all reports, correspondence, notes, documents, writings, diagrams, charts, records, photographs, video, or audio recordings of any type, computer files, e-mails, or tangible items of any kind that any expert witness has provided to the plaintiff, attorneys for the plaintiff, or any representative of plaintiff's attorneys,

(g) copies of any and all reports, correspondence, notes, documents, writings, diagrams, charts, records, photographs, video or audio recordings of any type, computer files, e-mails, or tangible items of any kind made or prepared by any expert witness in connection with this case regardless of whether such materials were provided to any other person, and

(h) any and all billing records, bills or invoices any expert witness has prepared or provided in connection with this case.

RESPONSE: not applicable

**INTERROGATORY NO. 10:** State whether you prepared at any time any written summary or report or other writing concerning any aspect of Mr. Babovec's incarceration, requests for medical care, use of force, and/or the treatment rendered to him.

RESPONSE: yes

**REQUEST FOR PRODUCTION NO. 3:** If the answer to the above is yes,

4

please produce for inspection copies of all written summaries, reports, or other writings you created concerning any aspect of Mr. Babovec's incarceration, requests for medical care, use of force, and/or the treatment rendered to him.

RESPONSE: Plaintiff has my statement.

**INTERROGATORY NO. 11:** Describe your observations of and interactions with Mr. Babovec during his incarceration at the Saline County Detention Center on April 13, 2011, including, but not limited to, a description of his physical appearance (including, but not limited to, his speech, walking, energy level, incontinence), noting any changes that occurred over the duration of his incarceration.

RESPONSE: When he was brought in, Babovec's speech was quick but not slurred. He was steady on his feet. He appeared to be anxious.

**INTERROGATORY NO. 12:** Describe all disciplinary measured you used on Mr. Babovec, including, but not limited to threats of force, any incidents in which a taser was used, the use of physical force, and the use of restraints during his incarceration at the Saline County Detention Center on April 13, 2011.

RESPONSE: I did not use any disciplinary measures. I did not threaten him with force. I did not use a Taser on Babovec, but one was used when he was non-compliant. I was one of the jailers who helped get Babovec in handcuffs for his own safety, the safety of the SCDC staff, and the safety of the other inmates.

**INTERROGATORY NO. 13:** Describe the duties and assignment you had during Mr. Babovec's detainment on April 13, 2011.

RESPONSE: I was in Master Control, getting together the "pass down" to the next shift.

**INTERROGATORY NO. 14:** To whom did you directly report to on the date of Mr. Babovec's detainment, April 13, 2011.

RESPONSE: Sergeant Mike Richards.

**INTERROGATORY NO. 15:** Identify any system that was in place at the Saline County Detention Center on April 13, 2011 that inmates could utilize to communicate to

5

deputies that there was a medical emergency going on in a cell, including any role that you had, in accordance with such system and/or your duties/contractual obligations, in responding to such emergencies.

RESPONSE: The holding cells have windows through which a detainee can communicate. The pods all have intercom systems for such use.

**INTERROGATORY NO. 16**: Identify any role that you had in responding to Mr. Babovec's medical emergency, of being found unresponsive, in the "holding" cell at the Saline County Detention Center, including, but not limited to: when/how you first became aware of the incident; how long after becoming aware of the incident you responded; what specific actions you took, communications you made, and/or records you completed relating to the incident.

RESPONSE: This is fully covered in my statement to investigators and I have nothing to add to that statement.

**INTERROGATORY NO. 17:** Identify all non-privileged communications you had with any other party relating to Mr. Babovec's detainment on April 13, 2011, his incarceration, the use of force on him, or his death.

RESPONSE: none other than the statement(s) to investigators, copies of which have been provided to Plaintiff.

GEORGE D. ELLIS (Ark. Bar No. 72035)
Attorney for Defendants
Ellis Law Firm, P.A.
126 North Main Street
Benton, Arkansas 72015
501 315 1000/4222 fax
gellisinbenton@swbell.net

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 17th day of December, 2014, a copy of the above and foregoing document has been forwarded to Plaintiff's attorney, Mr. James Swindoll; at jswindoll@swindolllaw.com.

GEORGE D. ELLIS

6

## **VERIFICATION**

The above and foregoing responses are true and correct to the best of my information, knowledge, and belief.

_____
TONYA PARKER

STATE OF ARKANSAS   )
                    )SS.
COUNTY OF SALINE    )

Subscribed and sworn to before me on this 17th day of December, 2014.

_____
Notary Public

RHONDA MALONE
MY COMMISSION # 12389493
EXPIRES: October 4, 2022
Saline County