IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBIN BABOVEC, As Special Administratrix
of the Estate of Casey Babovec, Deceased                                    PLAINTIFF

VS.                                NO. 4:13cv0699-KGB

DEPUTY AND OFFICERS MIKE RICHARDS,
TONYA PARKER, CALVIN REED, SAM
GRIFFIN, DION McGUIRE, RYAN McKINLEY,
DAVID FENTON, JAMES PAYNE, NANCY
SHELLNUT, BRUCE PENNINGTON, JOHN
and JANE DOES I-V, COUNTY OF SALINE                                        DEFENDANTS

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR ORAL MOTION
TO ENTER JUDGMENT IN ACCORDANCE WITH THE JURY'S SPECIAL VERDICT**

BACKGROUND

This case went to the jury on two separate theories of liability: Excessive use of force and deliberate indifference to a serious medical need. The nine individual Defendants were the subject of two interrogatories each regarding the two theories of liability.[1] All nine interrogatories touching on deliberate indifference (1, 3, 5, 7, 9, 11, 13, 15, and 17) were answered "no," thereby exonerating all individual Defendants and rendering the additional interrogatories (19 through 22) moot.

With regard to the other issue, excessive use of force, the jury answered "no" on all but two interrogatories (4, 8, 10, 12, 14, 16, and 18), but deadlocked on two: Interrogatory 2 regarding Mike Richards and interrogatory 6 regarding Calvin Reed.

---

[1] If any of the individual Defendants had been found to be liable, the jury would have been asked to assess liability as against Sheriff Pennington and the County and to answer a damages interrogatory, but no such liability was found, so only the 18 initial interrogatories are in play.

Defendants' motion which this brief supports was, and continues to be, to enter judgment pursuant to the special verdict: For all individual Defendants on the deliberate indifference claims, and for all individual Defendants except Richards and Reed on the excessive use of force claims. On those two claims, Defendants Richards and Reed moved for a mistrial in accordance with the "deadlocked" response to those interrogatories.

DISCUSSION

Apparently, the Court is concerned that the "deadlocked" interrogatories (2 and 6) may have the potential for creating a partial or incomplete verdict. Such is not the case.

First, there are no common elements between the two theories of liability, excessive use of force and deliberate indifference. The Court cited *U. S. v. Benedict,* 95 F.3d 17 (8th Cir. 1996). But that case addresses squarely the issue of common elements. The *Benedict* court was concerned that the jury did not have a problem with the substantive issue regarding theft at a post office, but was having a problem on the conspiracy count.

> It is difficult to imagine that the jury could continue to deliberate on the conspiracy charge without reweighing the evidence with respect to the substantive offense where, as here, the government's evidence on both counts was virtually the same. The jury expressed as much when it asked for clarification between the two charges.

*Id.* at 20.

In contrast, the jury in this case[2] was instructed on two distinct and separate theories of liability. Instruction No. 8 set out the elements of deliberate indifference, and was referred to in the interrogatories touching on that theory. Instruction No. 9 set out the elements of excessive use of force, and was referred to in the interrogatories touching on that theory. One does not depend on the

---

[2]Also, this is a civil case, unlike *Benedict.*

other. The Plaintiff could have chosen to sue on either or both. She chose both. To enter a judgment which is inconsistent with the special verdict dishonors the wishes of the jury.

This special verdict should be used as a basis for the Court's judgment pursuant to Rules 54 (b) and 58. Rule 54 (b) provides as follows, in applicable part: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claim or parties only if the court expressly determines that there is no just reason for delay." There is no question but that the Court has discretion in this regard. *Harris v. Department of the Army,* 119 F.3d 1313, 1320 (8th Cir. 1997).

There is absolutely no reason why judgment cannot be entered on this special verdict pursuant to Rule 58 in favor of all Defendants on the deliberate indifference claims and all Defendants except Richards and Reed on the excessive use of force claims, declaring a mistrial on those two claims, and issuing a new scheduling order for retrial. There is no potential for conflict, for inconsistency, or unfairness. In contrast, it would be breathtakingly unfair to jerk from Defendants their verdicts on the issues on which they prevailed.

Although not binding in a federal proceeding, guidance may be obtained from an examination of state law. *McChristian v. Hooten,* 245 Ark. 1045, 436 S.W.2d 844 (1969), is a case dealing with a special verdict. The Supreme Court of Arkansas held that "the answer to each interrogatory in special verdicts is to be considered as a separate verdict on that particular issue of fact. . . ." 245 Ark. at 1053. *See also, Carroll-Boone Water District,* et al *v. M. & P. Equipment Company*, et al, 280 Ark. 560, 572, 661 S.W.2d 345 (1983); *Swink v. Lasiter Construction, Inc.,* 94 Ark. App. 262, 279, 229 S.W.3d 553 (2006).

CONCLUSION

The parties and counsel spent four days in trial. The jury deliberated Thursday afternoon, all day Friday, and Saturday morning. The jurors reached a verdict that is not inconsistent, partial, confusing, or unfair. Richards and Reed can be retried without the fear that the verdict in that subsequent trial will conflict in some way with this special verdict. The Court should enter judgment pursuant to the special verdict, Rule 54 (b), and Rule 58.

Respectfully submitted,

/s/ George D. Ellis
Attorney for Defendants
Ellis Law Firm, P.A.
126 North Main Street
Benton, Arkansas 72015
501-315-1000
501-315-4222 fax
gellisinbenton@swbell.net

**CERTIFICATE OF SERVICE**

On this 17th day of February, 2015, this document was filed using the CM/ECF system which will send notification to all parties in interest.

/s/George D. Ellis
GEORGE D. ELLIS