# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**ROBIN BABOVEC, as Special Administratrix**
**of the Estate of CASEY BABOVEC, deceased**                          **PLAINTIFF**

**v.**                    **Case No.  4:13-cv-00699 KGB**

**MIKE RICHARDS,** *et al***.**                          **DEFENDANTS**

## JUDGMENT

This matter came for trial by jury on the 26th day of January, 2015.  Plaintiff Robin Babovec, as special administratrix of the estate of Casey Babovec, appeared through her attorney James Swindoll.  Defendants Mike Richards; Tonya Parker; Calvin Reed; Sam Griffin; Dion McGuire; Ryan McKinley; David Fenton; James Payne; Nancy Shellnut; Bruce Pennington, in his official and individual capacities; and Saline County, Arkansas, appeared through their attorney George Ellis.  All parties announced ready for trial.  A jury of 12 was selected and sworn.

On January 31, 2015, the jury returned an interrogatory verdict (Dkt. No. 45) as follows:

## VERDICT

## INTERROGATORY NO. 1

You must answer this question.  Do you find from a greater weight of the evidence that Mike Richards showed deliberate indifference as to the serious medical need of Casey Babovec as explained in Instruction No. 8?

**ANSWER:**   No
                    (**YES or NO**)
                    /s
FOREPERSON

                    January 31, 2015
DATE

## INTERROGATORY NO. 2

You must answer this question. Do you find from a greater weight of the evidence that Mike Richards's subordinates used excessive force against the person of Casey Babovec and that Mike Richards made a culpable choice between action or inaction in the supervision or control of those subordinates as explained in Instruction No. 9?

**ANSWER:**_____
            (**YES or NO**)

_____
FOREPERSON

_____
DATE

## INTERROGATORY NO. 3

You must answer this question. Do you find from a greater weight of the evidence that Tonya Parker showed deliberate indifference as to the serious medical need of Casey Babovec as explained in Instruction No. 8?

**ANSWER:**         No
            (**YES or NO**)

_____/s_____
FOREPERSON

_____January 31, 2015\_\_\_\_
DATE

## INTERROGATORY NO. <u>4</u>

You must answer this question. Do you find from a greater weight of the evidence that Tonya Parker used excessive force against the person of Casey Babovec as explained in Instruction No. 9?

**ANSWER:**      No      
         (**YES or NO**)

         /s         
FOREPERSON

         January 31, 2015         
DATE

## INTERROGATORY NO. <u>5</u>

You must answer this question. Do you find from a greater weight of the evidence that Calvin Reed showed deliberate indifference as to the serious medical need of Casey Babovec as explained in Instruction No. 8?

**ANSWER:**      No      
         (**YES or NO**)

         /s         
FOREPERSON

         January 31, 2015         
DATE

## INTERROGATORY NO. 6

You must answer this question.  Do you find from a greater weight of the evidence that Calvin Reed used excessive force against the person of Casey Babovec as explained in Instruction No. 9?

**ANSWER:** _____
            (**YES or NO**)

_____
FOREPERSON

_____
DATE

## INTERROGATORY NO. 7

You must answer this question.  Do you find from a greater weight of the evidence that Sam Griffin showed deliberate indifference as to the serious medical need of Casey Babovec as explained in Instruction No. 8?

**ANSWER:**         No         
            (**YES or NO**)

_____/s_____
FOREPERSON

_____January 31, 2015_____
DATE

## INTERROGATORY NO. **8**

You must answer this question. Do you find from a greater weight of the evidence that Sam Griffin used excessive force against the person of Casey Babovec as explained in Instruction No. 9?

**ANSWER:** _____No_____
(**YES or NO**)

_____/s_____
FOREPERSON

_____January 31, 2015_____
DATE

## INTERROGATORY NO. **9**

You must answer this question. Do you find from a greater weight of the evidence that Dion McGuire showed deliberate indifference as to the serious medical need of Casey Babovec as explained in Instruction No. 8?

**ANSWER:** _____No_____
(**YES or NO**)

_____/s_____
FOREPERSON

_____January 31, 2015_____
DATE

## INTERROGATORY NO. 10

You must answer this question. Do you find from a greater weight of the evidence that Dion McGuire used excessive force against the person of Casey Babovec as explained in Instruction No. 9?

                **ANSWER:**   No
                        (**YES or NO**)

                      /s
                FOREPERSON

                    January 31, 2015
                DATE

## INTERROGATORY NO. 11

You must answer this question. Do you find from a greater weight of the evidence that Ryan McKinley showed deliberate indifference as to the serious medical need of Casey Babovec as explained in Instruction No. 8?

                **ANSWER:**   No
                        (**YES or NO**)

                      /s
                FOREPERSON

                    January 31, 2015
                DATE

# INTERROGATORY NO. 12

You must answer this question. Do you find from a greater weight of the evidence that Ryan McKinley's subordinates used excessive force against the person of Casey Babovec and that Ryan McKinley made a culpable choice between action or inaction in the supervision or control of those subordinates as explained in Instruction No. 9?

          **ANSWER:**   No
          (**YES or NO**)

          /s
          FOREPERSON

          January 31, 2015
          DATE

# INTERROGATORY NO. 13

You must answer this question. Do you find from a greater weight of the evidence that David Fenton showed deliberate indifference as to the serious medical need of Casey Babovec as explained in Instruction No. 8?

          **ANSWER:**   No
          (**YES or NO**)

          /s
          FOREPERSON

          January 31, 2015
          DATE

## INTERROGATORY NO. 14

You must answer this question. Do you find from a greater weight of the evidence that David Fenton used excessive force against the person of Casey Babovec as explained in Instruction No. 9?

**ANSWER:** No
(**YES or NO**)

/s
FOREPERSON

January 31, 2015
DATE

## INTERROGATORY NO. 15

You must answer this question. Do you find from a greater weight of the evidence that James Payne showed deliberate indifference as to the serious medical need of Casey Babovec as explained in Instruction No. 8?

**ANSWER:** No
(**YES or NO**)

/s
FOREPERSON

January 31, 2015
DATE

## INTERROGATORY NO. <u>16</u>

You must answer this question. Do you find from a greater weight of the evidence that James Payne used excessive force against the person of Casey Babovec as explained in Instruction No. 9?

            **ANSWER:** <u>   No   </u>
                (**YES or NO**)

            <u>     /s     </u>
            FOREPERSON

            <u>   January 31, 2015 </u>
            DATE

## INTERROGATORY NO. <u>17</u>

You must answer this question. Do you find from a greater weight of the evidence that Nancy Shellnut showed deliberate indifference as to the serious medical need of Casey Babovec as explained in Instruction No. 8?

            **ANSWER:** <u>   No   </u>
                (**YES or NO**)

            <u>     /s     </u>
            FOREPERSON

            <u>   January 31, 2015 </u>
            DATE

## INTERROGATORY NO. **18**

You must answer this question. Do you find from a greater weight of the evidence that Nancy Shellnut used excessive force against the person of Casey Babovec as explained in Instruction No. 9?

**ANSWER:** No
           (**YES or NO**)

_____/s_____
FOREPERSON

_____January 31, 2015_____
DATE

## INTERROGATORY NO. **19**

If you find by the greater weight of the evidence that one or more defendant showed deliberate indifference as to the serious medical need of Casey Babovec by answering "yes" to Interrogatory No. 1, 3, 5, 7, 9, 11, 13, 15, or 17, please answer this Interrogatory No. 19.

Do you find from a greater weight of the evidence that Bruce Pennington in his individual capacity resulted in the lack of medical care for Casey Babovec as explained in Instruction No. 10?

**ANSWER:**_____
           (**YES or NO**)

_____
FOREPERSON

_____
DATE

## INTERROGATORY NO. 20

If you find by the greater weight of the evidence that one or more defendant showed deliberate indifference as to the serious medical need of Casey Babovec by answering "yes" to Interrogatory No. 1, 3, 5, 7, 9, 11, 13, 15, or 17, please answer this Interrogatory No. 20.

Do you find from a greater weight of the evidence that an official policy, practice, or custom of County of Saline and Bruce Pennington in his official capacity resulted in a lack of medical care for Casey Babovec as explained in Instruction No. 11?

**ANSWER:** _____
(**YES or NO**)

_____
FOREPERSON

_____
DATE

## INTERROGATORY NO. 21

If you find by the greater weight of the evidence that one or more defendant showed deliberate indifference as to the serious medical need of Casey Babovec by answering "yes" to Interrogatory No. 1, 3, 5,7, 9, 11, 13, 15, or 17, please answer this Interrogatory No. 21.

Do you find from a greater weight of the evidence that a failure to train by County of Saline and Bruce Pennington in his official capacity resulted in a lack of medical care for Casey Babovec as explained in Instruction No. 12?

**ANSWER:** _____
(**YES or NO**)

_____
FOREPERSON

_____
DATE

**INTERROGATORY NO. 22**

Please answer this Interrogatory No. 22 only if you have answered "yes" to any one of Interrogatory Nos. 1-18.

State the amount of any damages which you find from a greater weight of the evidence were sustained by the Estate of Casey Babovec as explained in Instruction No. 13 or nominal damages as explained in Instruction No. 14.

**ANSWER:**_____
(**YES or NO**)

_____
FOREPERSON

_____
DATE

Based on the jury's verdicts, this Court enters judgment in favor of defendants Tonya Parker, Sam Griffin, Dion McGuire, Ryan McKinley, David Fenton, James Payne, and Nancy Shellnutt on all counts. The Court enters judgment in favor of defendants Mike Richards and Calvin Reed as to plaintiff's claim alleging deliberate indifference to the serious medical need of Casey Babovec as set forth in Interrogatory Nos. 1 and 5, respectively. The Court enters judgment in favor of defendant Bruce Pennington in his individual capacity on plaintiff's claim that a failure to train by Mr. Pennington in his individual capacity resulted in a lack of medical care for Casey Babovec, as set forth in Interrogatory No. 19. The Court enters judgment in favor of defendant Bruce Pennington in his official capacity and Saline County, Arkansas, on plaintiff's claims that a failure to train by Mr. Pennington in his official capacity and Saline County, Arkansas, resulted in a lack of medical care for Casey Babovec and plaintiff's claim that an official policy, practice, or custom of Mr. Pennington in

his official capacity and Saline County, Arkansas, resulted in a lack of medical care for Casey Babovec, as set forth in Interrogatory Nos. 20 and 21.

The Court previously declared a mistrial as to plaintiff's claim that defendant Mike Richards's subordinates used excessive force against the person of Casey Babovec and that Mike Richards made a culpable choice between action or inaction in the supervision or control of those subordinates and plaintiff's claim that defendant Calvin Reed used excessive force against the person of Casey Babovec, as set forth in Interrogatory Nos. 2 and 6 (Dkt. No. 50). The Court now dismisses without prejudice those remaining claims pending against defendants Mike Richards and Calvin Reed pursuant to the agreement to dismiss jointly filed by the remaining parties (Dkt. No. 91).

It is so adjudged this the 6th day of March, 2017.

_____
Kristine G. Baker
United States District Judge